```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  SHMAYE DRUMMER,

                        Plaintiff,        MEMORANDUM & ORDER
                                          20-CV-1162(EK)(RML)
            -against-

  ROACH & MURTHA ATTORNEYS AT LAW,
  P.C.,

                        Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Shmaye Drummer brought this action against Roach & Murtha Attorneys at Law, P.C. ("Roach & Murtha") under the Fair Debt Collection Practices Act ("FDCPA"). Defendant now moves to dismiss the complaint on the ground that the obligation on which Defendant sought to collect is not a "debt" within the meaning of the FDCPA. For the reasons that follow, I conclude that the obligation at issue arose out of a tort judgment, not a consumer transaction, and therefore the collection letter about which Plaintiff complains is not within the reach of the FDCPA. Defendant's motion to dismiss is accordingly granted.

## I. Background

The following facts are drawn from Plaintiff's complaint and its attachments, and are presumed to be true for purposes of Defendant's motion. Plaintiff rented a car pursuant

to a rental agreement with Menuche, Inc. ("Menuche"). During the rental period, Plaintiff loaned the car to another individual, who got into an accident. Menuche's insurer, Lancer Insurance Company ("Lancer"), sued Plaintiff and the driver in New York State Supreme Court; defendant Roach & Murtha acted as counsel to Lancer. The suit alleged negligence against both Plaintiff and the driver, and sought a $10,000 recovery. *See Lancer Insurance Company a/s/o Menuche Inc. v. Drummer, Berkowitz*, (N.Y. Sup. Ct. Index No. EF010263-2018), Complaint ¶¶ 7-11 (the "State Court Complaint").

Plaintiff did not enter a timely appearance in the state action. Thus, in March 2019, Lancer moved for a default judgment. Following this motion, Plaintiff belatedly appeared, and on June 13, 2019, Plaintiff asked the state court for leave to file an untimely answer. Despite this request, the state court entered a default judgment a week later (on June 20, 2019) in the amount of $10,000 plus fees and costs, for a total of $10,680.

Five days later — on June 25, 2019 — Roach & Murtha sent a letter (the "June 25 letter") to Plaintiff, seeking to collect on the default judgment. This June 25 letter is the sole collection-related communication about which Plaintiff complains in this action, apart from Roach & Murtha's litigation filings in the negligence suit. Plaintiff alleges that the

2

letter violated the FDCPA because (a) it falsely represented the amount in dispute, in that it failed to set off against the state-court judgment a $50 voluntary payment Plaintiff had made in 2017, and (b) it was addressed directly to Plaintiff, despite Roach & Murtha having "actual knowledge" from Plaintiff's June 13, 2019 state-court filing "that the Plaintiff had retained counsel." Complaint ¶¶ 19, ECF No. 1.

In all, Plaintiff alleges that the June 25 letter violated four sub-sections of the FDCPA: 15 U.S.C. § 1692e(2)(A), prohibiting false representations of the character, amount, or legal status of any debt; 15 U.S.C. § 1692e(10), prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt; 15 U.S.C. § 1692f(1), prohibiting the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law; and 15 U.S.C. § 1692c(a)(2), prohibiting a debt collector from communicating with a consumer in connection with the collection of any debt if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

## II. Discussion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The FDCPA was enacted in 1977 as an amendment to the Consumer Credit Protection Act, and it was intended to "protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To state a claim under the FDCPA, a plaintiff must plausibly plead that he is "a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt." *E.g.*, *Cruz v. Credit Control Servs., Inc.*, No. 217-CV-1994, 2017 WL 5195225, at *4 (E.D.N.Y. Nov. 8, 2017). He must also allege that the defendant is a "debt collector" attempting to collect on that debt, and that the defendant engaged in an act or omission in violation of the FDCPA's requirements. *E.g., id.*

Not all obligations meet the definition of "debt" under the FDCPA. The statute defines a "debt" to include any alleged obligation "of a consumer to pay money arising out of a

4

transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Defendant argues that the FDCPA does not apply because the obligation that Defendant sought to collect upon arose from a tort action — namely, the state-court negligence case — not a consumer transaction or contract, and therefore it is not a "debt" within the meaning of the FDCPA.

**A.   Does the FDCPA Apply to the Collection of a Tort Judgment?**

Although the Second Circuit has not yet ruled on the subject, other circuits have uniformly found that a liability deriving from a tort does not constitute a "debt" within the meaning of the FDCPA. *See Beauvoir v. Israel*, 794 F.3d 244, 247 (2d Cir. 2015) (collecting cases). Other district courts have rejected arguments that debt arising out of a court-ordered obligation implicates the FDCPA, *e.g.*, *Beal v. Himmel & Bernstein, LLP*, 615 F. Supp. 2d 214, 217 (S.D.N.Y. 2009), and have held explicitly that a tort judgment is a not "debt" as contemplated by the FDCPA. *See, e.g.*, *Patisso v. Law Offices of Bruce E. Baldinger, LLC*, No. 11-CV-1996, 2011 WL 5117604, at *2 (E.D.N.Y. Oct. 24, 2011) (tort judgment not a debt under the FDCPA); *Shmerkocvich v. RMC Consulting Grp. LLC*, No. 2009-CV-5490, 2011 WL 887871, at *4 (E.D.N.Y. Jan. 31, 2011) (costs and

5

expenses awarded in tort suit were not a debt subject to the FDCPA), *R & R adopted*, 2011 WL 900850 (E.D.N.Y. Mar. 14, 2011). Defendant contends that this action concerns an obligation stemming from a state-court tort judgment. Plaintiff, on the other hand, argues that his FDCPA claim concerns a consumer debt.

**B.   Did the Defendant's Collection Effort Relate to a Tort Judgment?**

At first blush, it is difficult to see how the underlying liability here could have arisen in tort. Plaintiff Drummer rented the car in question (via the rental-car agreement), but he was not driving at the time of the accident. So any negligence in the operation of the vehicle would obviously not have been his. And the Defendant has not contended — here or before the state court — that Drummer was somehow negligent in his decision to lend the keys to the driver who did get in the accident.

Despite that background, however, Lancer actually brought a negligence action — not a contract action arising out of Drummer's obligations under the rental agreement. *See, e.g.*, State Court Complaint ¶ 7 (alleging that the accident was caused by "the negligence of" both defendants — Drummer and the driver). And whether Drummer was in position to act negligently

6

or not, Drummer was adjudged liable on that negligence claim (via default judgment).

And the June 25 letter spoke of collecting on a tort judgment. Sent shortly after the default judgment issued, the letter referred to the default judgment explicitly as the "Judgment" on which Roach & Murtha was seeking to collect, and it displayed the Index Number of the state-court case on the face of the letter itself. Moreover, the timing of the June 25 letter supports the notion that the tort judgment, rather than the rental agreement, gave rise to the obligation at issue. The letter went out mere days after the default judgment was entered. If Roach & Murtha sought to collect on a "debt" that had arisen under the rental agreement itself, they could have endeavored to do so before their client's negligence claim was decided. But there is no indication in the pleadings that Roach & Murtha attempted to collect from Drummer before the default judgment issued (apart from filing the litigation itself). Likewise, the pleadings are devoid of any suggestion that Roach & Murtha continued their collection effort *after* the default judgment was later vacated. *See* Complaint ¶¶ 26-27.

Indeed, the June 25 letter is the only communication on which Plaintiff's FDCPA claim is predicated. The only "communication" (as that term is defined in the FDCPA) alleged in the complaint is the June 25 letter. Complaint ¶ 28.

7

Plaintiff does contend that the Defendant misstated the damages amount in three state-court filings, *id*. ¶ 24, but he does not expressly allege that these filings were communications subject to the FDCPA. Even if Drummer had made such an allegation, it would fail because Roach's court submissions were made in connection with a tort action rather than a debt collection proceeding. In the Second Circuit, "debt collectors do not have immunity from FDCPA liability for their litigation conduct" where the court filings "routinely come to the consumer's attention and may affect his or her defense of *a collection claim*." *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 137 (2d Cir. 2017) (emphasis added). This case does not fit within the *Arias* rule, though, for two reasons. First, the underlying action in *Arias* involved a debt collection claim, whereas here the underlying case alleged negligence. And second, Plaintiff does not allege that any misstatement in a state-court litigation filing affected his defense of a collection claim.

Plaintiff argues that this case is similar to *Yelin v. Swartz*, 790 F. Supp. 2d 331 (E.D. Pa. 2011), where the court relied on a car-rental agreement to conclude that the "debt" in question arose under contract for purposes of the FDCPA. *See* Plaintiff's Opposition Brief at 5-7, ECF No 11. In *Yelin*, the plaintiff rented a car and was involved in an accident that

8

caused damage to it. *Id.* at 333. A few months later, attorneys acting on behalf of the car rental company sent the plaintiff three demand letters seeking reimbursement. *Id.* Yelin sued the law firm for various FDCPA violations arising out of those letters. *Id.* The firm argued in defense that the obligation arose from a tort liability, and therefore it did not qualify as a "debt" under the FDCPA. *Id.* at 335. The *Yelin* court held, however, that "if Plaintiff is responsible for the damage to the rental car, it is because such a duty was imposed by the rental agreement" — that is, the debt arose in contract, not in tort. *Id.* The rental contract demonstrated the existence of a "consumer transaction" between the parties, bringing it within the FDCPA. *Id.*

Unlike in this case, however, the defendant in *Yelin* was not alleged to be collecting on a court-ordered judgment. Indeed, the defendant there sent the three demand letters only months after the accident, the third of which stated that "litigation *would commence* against him if he did not arrange to pay his debt." *Id.* at 333 (emphasis added). But no such underlying lawsuit was filed. Here, Roach & Murtha sent the June 25 letter to collect on the balance of a default judgment arising from a tort action. Because the obligation on which Defendant was collecting explicitly arose from a tort judgment, and not the rental agreement, it is not a "debt" within the

9

meaning of the FDCPA.  *See, e.g.*, *Patisso*, 2011 WL 5117604, at *2.

### III. Conclusion

Accordingly, the Defendant's motion to dismiss is granted.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

    /s Eric Komitee         
ERIC KOMITEE
United States District Judge

Dated:    March 30, 2021
          Brooklyn, New York